JOHN J. HURLEY, administrator, *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Plymouth.   November 20, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Contributory, Railroad.

At the trial of an action against a railroad company for injuries alleged to have been received by a woman passenger when, after an announcement of a station by a train man and the stopping of the train, she alighted through an open gate on the side of the platform of the car opposite a station and into a slight depression, the evidence for the plaintiff did not show that the passenger was injured in alighting but showed that her injury occurred when, after alighting, she attempted again to get upon the train from a place where no one in charge of the train had occasion to suppose her to be and at a time when any careful person would have reason to expect that the train would start. *Held*, that

(1) There was no evidence that the injury to the passenger was caused by any negligent act of the defendant;

(2) It appearing that the accident to the passenger occurred previous to the enactment of St. 1914, c. 553, that statute was not applicable and there was no evidence warranting a finding that the plaintiff was in the exercise of due care;

(3) A verdict for the defendant should have been ordered.

TORT by the administrator of the estate of Henrietta May Hurley, late of Hanover, for personal injuries received by the plaintiff's intestate in alighting from a train of the defendant on July 3, 1913. Writ dated July 2, 1915.

In the Superior Court, the action was tried before *Weed,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant made the motion and asked for the rulings described in the opinion. The judge submitted the case to the jury and also submitted to them the special question: "Was the injury which the deceased suffered received in alighting from the train?" The jury answered the special question, "Yes," and found for the plaintiff in the sum of $800. The defendant alleged exceptions.

*C. F. Choate, 3d,* for the defendant.

*D. R. Coughlin & W. J. Coughlin,* for the plaintiff, submitted a brief.

WAIT, J. The accident happened on July 3, 1913, before the enactment of St. 1914, c. 553, which by its terms is made applicable only in cases which arose after May 21, 1914. The burden was, therefore, upon the plaintiff to show that his intestate was in the exercise of due care, that no carelessness on her part contributed to the accident, and that the servants of the defendant were negligent.

The evidence showed that the plaintiff's intestate was a passenger; that as the train neared the Scituate station she was riding in the third or fourth car from the engine; that a brakeman from the platform at the rear of the car called out Scituate, and as the train stopped she went to the platform at the forward end of the car, found the gate open on the side on which she descended, and jumped to the ground from a high step at a point where there was no station platform; that as she reached the ground she made no outcry or exclamation but stood for two or three minutes, and then putting one foot upon the step, was about to put up the other when the train started and she fell back in a heap on the ground; that then for the first time she spoke of pain in her foot or ankle. The friend who accompanied her on the night of the accident and who gave the foregoing testimony, on

cross-examination, testified as follows: "Q. Now, did you see Miss Hurley get off before you? A. Yes. — Q. Did you see her fall when she got off? A. No. — Q. That wasn't the time that she hurt her ankle? A. No. — Q. There was nothing which indicated to you that she had hurt her ankle when she alighted from the train? A. No. . . . Q. What was the first thing that indicated to you that Miss Hurley had been hurt in any way? A. Well, after falling off the train, she spoke of either her foot or ankle. I don't know which, and spoke of pain. — Q. That was after you tried to get on? A. That was after we tried to get on, yes. — Q. It was when she fell back, after getting on, that she gave that exclamation of pain? A. Yes. — Q. How long was that after you had gotten off? A. I should say about two or three minutes." She also testified that she saw no lights in the station and that she was sure they alighted on the station side of the train; but on the following day after refreshing her recollection from notes, she testified that it was on the side away from the station.

There was testimony that on the side opposite the station there was a shallow depression whose sides went down in a gradual slope and which at its deepest part was not over a foot below the top of the ties.

A brother testified that since 1893 their father had owned a house in Scituate where his sisters stayed for different lengths of time, and whither they usually drove or motored. They used the Scituate station if they went to the house by train.

This is all the material evidence on the issues of negligence and of due care.

The defendant excepted to the refusal of the judge to direct a verdict for the defendant and to his refusal to instruct the jury: "2. There is no evidence of the negligence of the defendant. 3. The plaintiff's intestate, Henrietta M. Hurley, was not herself in the exercise of due care."

The defendant was entitled to have a verdict directed in its favor. There was no evidence to justify a finding that Miss Hurley was injured when she first got off the train. Even assuming that there was negligence in allowing the

gate on the wrong side of the platform to be open; in failing to warn Miss Hurley not to get off, or to warn her of uneven footing on the side away from the station; or in failing to light the station platform (none of which do we mean to characterize as negligent), it is clear that her injury was not caused by any or all of these. She reached a place of safety on the ground away from the train and without injury. She was hurt because she attempted to get again upon the car from a place where no one in charge of the train had occasion to suppose her to be, and at the time when any careful person would have reason to expect that it would start.

There was clearly a failure to use due care on her part; a failure which contributed to her injury.

The judge was wrong in submitting the case to the jury. The exceptions are sustained, and pursuant to G. L. c. 231, §122, judgment is to be entered for the defendant.

*So ordered.*